IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:15-CR-73 ALM |
| | § | |
| GUSTAVO ADOLFO NIEVES-MARTINEZ | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 25, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Todd Blessing.

On December 16, 2015, Defendant was sentenced by the Honorable Amos L. Mazzant, III, United States District Judge, to a sentence of twelve (12) months and one (1) day imprisonment followed by a three (3) year term of supervised release for the offense of Reentry of Deported Alien. Defendant began his term of supervision on March 7, 2016.

On September 21, 2018, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 35). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must report to the probation office in the district to which Defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons; (2) Defendant shall not commit another federal, state, or local crime; (3) As a condition of supervised release, immediately upon release from confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings

1

in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant shall remain outside the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant shall comply will all conditions of supervised release, to include reporting to the nearest United States Probation Office within seventy-two (72) hours of release by immigration officials or re-entry into the country; and (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

The Petition alleges that Defendant committed the following violations: (1) Defendant failed to report to the United States Probation Office after being released from the Bureau of Prisons and/or his return to the United States; (2) On August 25, 2018, Defendant was arrested in Denton, Texas for Public Intoxication. Defendant posted a $500.00 cash bond; (3) On or before August 25, 2018, Defendant committed the offense of Illegal Re-entry After Deportation, a felony offense, when Defendant reentered the United States without permission, as evidenced by his arrest on the aforementioned date; and (4) On August 25, 2018, Defendant was arrested in Denton, Texas, for Public Intoxication.

At the hearing, Defendant entered a plea of true to Allegations 2 and 3. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 25, 2019, hearing, the Court recommends that Defendant be committed to the

custody of the Bureau of Prisons to be imprisoned for a term of eleven (11) months, with twenty-five (25) months supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Seagoville, if appropriate.

**SIGNED this 13th day of May, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE